UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL PAUL SANSONE,         )
                               )
      Petitioner,         )
                               )
    v.                   )      1:21-cr-00051-LEW
                               )      1:26-cv-00156-LEW
UNITED STATES OF AMERICA,   )
                               )
      Respondent        )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF Nos. 98.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 101.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In November 2020, Petitioner was arrested on a criminal complaint for possessing a firearm after having been convicted of an offense punishable by more than one year in prison in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Complaint, ECF No. 3; Arrest Warrant, ECF No. 16.) A grand jury indicted Petitioner on the same charge in April 2021. (Indictment, ECF No. 25.) The indictment referenced a Maine state court conviction in a 2020 case for trafficking scheduled drugs. *Id.* In November 2021,

Petitioner pled guilty pursuant to a plea agreement.  (Plea Agreement, ECF No. 48; Guilty Plea, ECF No. 61.)

In June 2022, the Court sentenced Petitioner to forty-six months in prison to be followed by three years of supervised release.  (Judgment, ECF No. 81.)  In January 2024, the First Circuit affirmed.  *United States v. Sansone*, 90 F.4th 1 (1st Cir. 2024).  Petitioner sought Supreme Court review; in May 2024, the Supreme Court denied the petition for a writ of certiorari.  *Sansone v. United States*, 144 S. Ct. 2546 (2024).

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

2

The Court entered judgment on June 1, 2024.  The First Circuit affirmed the district court's judgment on January 4, 2024, and issued its mandate on January 26, 2024.  Petitioner's judgment became final on May 13, 2024, when the Supreme Court denied his request for further appellate review.  *See In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (when a defendant unsuccessfully seeks a writ of certiorari, "every circuit that has addressed the issue has concluded that a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied").  The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on May 13, 2025.  *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted).  Petitioner's motion was postmarked March 17, 2026, and the Court received it on March 25, 2026, approximately ten months after the limitations period expired.

Petitioner does not argue that a different finality date applies under § 2255(f)(2) or (f)(4), but he evidently contends that his motion was filed timely under § 2255(f)(3) because his petition is allegedly based on new case law rendering his conviction unconstitutional.  Petitioner cited the Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  In *Bruen*, the Supreme Court invalidated some state licensing processes that placed a burden on the right of law-abiding citizens to carry handguns for self-defense outside the home, but the Court did not address or consider § 922(g)(1) or any other federal criminal firearm statute.  *Bruen*, 597 U.S. at 8–11.

*Bruen* does not assist Petitioner because it was decided while his direct appeal was still pending. The finality date under (f)(3), therefore, would be earlier than under (f)(1). In addition, while *Bruen* modified the framework that a court must use to analyze a Second Amendment challenge, and while the modified framework might permit nonfrivolous attempts to invalidate a provision underlying a federal firearms conviction in a subsequent case, the Supreme Court's discussions regarding historical analogues does not itself constitute a new rule of law for purposes of the § 2255 statute of limitations that would support a postconviction challenge to a § 922(g)(1) conviction. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1233 (D. Wyo. 2023) (noting that nothing in *Bruen* modified the statements approving federal statutes disarming felons within *D.C. v. Heller*, 554 U.S. 570, 626 (2008), and noting that three members of the six-justice majority in *Bruen* concurred separately to emphasize the narrowness of the opinion, and concluding that "*Bruen* does not trigger a new one-year limitations period"); *United States v. Hackworth*, No. 8:19CR275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023) (contrasting decisions which themselves establish a new retroactively applicable right with a decision like *Bruen*, which "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by [Petitioner]") (quotation marks omitted).[1]

---

[1] Similarly, to the extent that Petitioner might have intended to cite a more recent Supreme Court decision applying the *Bruen* framework, such as *United States v. Rahimi*, 602 U.S. 680 (2024), *United States v. Hemani*, 146 S. Ct. 1677 (2026), or *Wolford v. Lopez*, No. 24-1046, 2026 WL 1825723 (June 25, 2026),

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted).  "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases).  "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).  Petitioner provided no allegations or arguments to establish the requisite diligence and extraordinary circumstances for equitable tolling.

A sufficient showing of "actual innocence" can also provide "a gateway through which a petitioner may pass" to reach the merits of a postconviction challenge despite a procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To establish a gateway innocence claim, a petitioner must show that it is more likely than not that, "in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (discussing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  In this case, Petitioner has not

---

the other decisions do not alter the analysis because they do undermine § 922(g)(1) and do not apply to Petitioner's circumstances.

presented any new evidence on the question of his guilt that was not presented or available before conviction.  Any gateway innocence claim, therefore, fails.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because neither equitable tolling nor gateway innocence applies, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of July, 2026.

6